# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LIBERTY SURPLUS INSURANCE**                                                 **PLAINTIFF**
**CORPORATION**

**V.**                                                           **CAUSE NO. 3:16-CV-884-CWR-FKB**

**HUNTING SOLUTIONS, INC.** *d/b/a*                                    **DEFENDANT**
**MILLENNIUM TREE STANDS**

**JOSEPH BRONZI; ASHLEY BRONZI**                    **INTERVENOR DEFENDANTS**

## ORDER

Before the Court are the plaintiff's motions for default judgment and to strike a sur-reply.

The facts are straightforward. In 2013, Joseph and Ashley Bronzi sued Hunting Solutions in Alabama state court, seeking damages for personal injuries. Liberty Surplus Insurance Corporation paid for Hunting Solutions' defense under a reservation of rights. The case is still being litigated.

In 2016, meanwhile, Liberty Surplus filed this action in this Court seeking a declaration that it has no duty to defend or indemnify Hunting Solutions in the Alabama case. The Bronzis moved to intervene as defendants to protect their interests, specifically asking to "participate in discovery and thereby identify facts and evidence undermining Liberty Surplus's contention that no coverage is owed." Liberty Solutions did not oppose their motion and the Bronzis were added as intervenor defendants.

Hunting Solutions subsequently failed to respond to the complaint and summons. As a result, Liberty Surplus now seeks a default judgment. It argues that Hunting Solutions' failure to

respond means the factual allegations are admitted and it is now entitled to the declaratory judgment it seeks. The Bronzis have objected.[1]

Faced with a similar situation, the U.S. District Court for the Northern District of Texas reasoned that the dispute should be litigated on the merits by the intervening tort victims rather than by default judgment. It noted that the tort victims would otherwise be "significantly prejudiced here because their ability to recover insurance proceeds for their injuries from [the tortfeasor's] potential insurer is adversely affected." *Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308, 313 (N.D. Tex. 2004). The court added that "[t]he prejudice to [the insurer] from granting relief is minimal, because it will simply be required to prove its case on the merits in an adversarial forum, rather than obtaining a windfall judgment by forfeit." *Id.*; *accord Certain Underwriters at Lloyd's of London v. Winter*, No. 3:15-CV-1997-N, 2015 WL 12732628, at *3 (N.D. Tex. Nov. 4, 2015) (setting aside default judgment so intervenor could litigate coverage action).

The undersigned agrees. The Bronzis plainly have an interest in insurance coverage and Liberty Surplus will not be prejudiced by having to prove its case. As a practical matter, moreover, it would be incongruous for the Court to issue a default judgment after permitting the Bronzis to intervene explicitly for the purposes of litigating the coverage dispute.

For these reasons, the motion for default judgment is denied.

**SO ORDERED**, this the 1st day of September, 2017.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[1] After the briefing closed, the Bronzis supplemented their objection with a sur-reply. Liberty Surplus contends that the sur-reply should be stricken as untimely. The motion will be granted as unopposed.